IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD OF § <br> GREATER TEXAS FAMILY PLANNING § <br> AND PREVENTATIVE HEALTH § <br> SERVICES, INC., et al., § <br> § <br> Plaintiffs, § <br> § Civil Action No.1:15-cv-01058-SS <br> v. § <br> § <br> CHARLES SMITH, et al., § <br> § <br> Defendants. § | |

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants Charles Smith, Executive Commissioner of the Texas Health and Human Services Commission ("HHSC"), in his official capacity, and Stuart W. Bowen, Jr., Inspector General of HHSC, in his official capacity ("Defendants"), file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

#### INTRODUCTION

Plaintiffs are five Planned Parenthood providers ("Providers") who are state-contractors under Texas's Medicaid program and ten (10) unnamed "Jane Doe" plaintiffs ("Jane Does") who allegedly receive healthcare from these providers paid for by Medicaid. Plaintiffs seek emergency relief based on a December 20, 2016 Final Notice of Termination Letter notifying the Plaintiffs that their Medicaid provider contracts would be terminated based on the OIG's finding that the Plaintiffs are not

1

qualified providers. Plaintiffs' Section 1983 claims must be dismissed: (1) Plaintiffs further fail to assert a cognizable claim for Equal Protection under a "class-of-one" theory and (2) Plaintiffs cannot assert a private action under Section 1396a(a)(23) of the Federal Medicaid Act.

## STATEMENT OF FACTS

The Medicaid program, created by Title XIX of the Social Security Act, is a program "through which the federal government provides financial aid to states that furnish medical assistance to eligible low-income individuals." *S.D. ex rel. Dickson v. Hood*, 391 F.3d 581, 585-86 (5th Cir. 2004). "Spending clause legislation like Medicaid 'is much in the nature of a contract.'" *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1387 (2015) (citation omitted). Medicaid providers must live up to certain obligations, as well. *See* 42 U.S.C. § 1320a-7. When providers fail to do so, the Secretary of HHS may exclude them under certain mandatory and permissive grounds in the Social Security Act. *Id.* Additionally, Section 1002.2 of the Medicaid regulations recognizes a state's authority to exclude a Medicaid provider as a state contractor "for any reason or period authorized by State law." *See* 42 C.F.R. § 1002.2(b).

Texas law sets forth several circumstances under which a provider may be terminated from participating in the Medicaid program. *See* 1 Tex. Admin. Code § 371.1703. Relevant here, the OIG may terminate a provider's agreement when the provider: (1) commits a program violation; (2) is affiliated with a person who commits a program violation; or (3) commits an act for which sanctions, damages, or liability could be or are assessed by the OIG. *See id.* § 371.1703 (c)(6-8).

On December 20, 2016, the OIG sent a Final Notice of Termination letter to the Provider Plaintiffs informing them that their enrollment in Texas Medicaid would be terminated based on the OIG's conclusion that the Provider Plaintiffs are not qualified. As the bases for the decision, the OIG relied on eight-and-a-half hours of undercover video taken at Planned Parenthood's Gulf Coast affiliate, which evidences numerous violations of medical and ethical standards associated with the procurement of fetal tissue for research.

## STANDARDS FOR DISMISSAL

### I.    Failure to State a Claim Under Rule 12(b)(6).

Additionally, in analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555. Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

### I. Plaintiffs Fail to Assert a Cognizable Claim for Equal Protection.

#### A. No Valid "Class-of-One" Equal Protection Claim Based on Discretionary Termination of Government Contract.

Providers' equal protection claim should be dismissed for failure to state a claim. Providers do not claim that they were discriminated against on the basis of membership in any suspect class, and therefore must rely on a "class-of-one" theory of equal protection. However, the "class-of-one" theory does not apply to "forms of state action. . . which by their nature involve discretionary decision-making based on a vast array of subjective, individualized assessments." *See Engquist v. Or. Dep't of Agri.*, 553 U.S. 591, 603 (2008). In these situations, "treating like individuals differently is an accepted consequence of the discretion granted" to government officials. *Id*. Allowing a challenge in this context based on "the arbitrary singling out

4

of a particular person would undermine the very discretion that such state officials are entrusted to exercise." *Id.*

The Fifth Circuit has extended *Engquist* to the context of the State's discretionary authority to manage its contractors, dictating the same result—as a matter of law, class-of-one equal protection claims by government contractors should not be recognizable. *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581 (5th Cir. 2016). "Discretionary decisions about whom to hire as an employee or a service provider do not yield the same 'clear standard' by which an equal-protection claim can be evaluated." *Id.* at 587. As the Fifth Circuit pointed out, "[t]he Equal Protection Clause does not require [t]his displacement of managerial discretion by judicial supervision." *Id.* at 588 (quoting *Engquist*, 553 U.S. at 608–09 (internal quotation marks and citation omitted)). Accordingly, this Court should dismiss Plaintiffs' equal-protection claim against the Defendants.

    B.    <u>Even if Class-of-One Equal Protection Claim Were Cognizable, Plaintiffs Have Identified No Similarly Situated Contractors.</u>

Furthermore, even if a "class-of-one" equal protection claim were cognizable, Plaintiffs have failed to state an equal protection claim because they cannot show—and, in fact, do not even allege—that there are any similarly situated contractors that the Defendants have treated differently. To bring an equal-protection claim on a class-of-one theory, the plaintiff must show that the city "treat[ed] similarly situated individuals differently for a discriminatory purpose." *Integrity Collision,* 837 F.3d at 588-89 (quoting *Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 419 (5th Cir. 2015)); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our

cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). "Because there is no suspect class, the exclusion 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Integrity Collision,* 837 F.3d at 589 (quoting *Heller v. Doe,* 509 U.S. 312, 320 (1993). What is more, "the burden is on the challenging party to negative 'any reasonably conceivable state of facts that could provide a rational basis for the classification.' " *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) (quoting *Heller*, 509 U.S. at 320).

All Plaintiffs allege in their complaint regarding their equal-protection claim is that "Defendants' actions violate Plaintiffs' rights by singling them out for unfavorable treatment without adequate justification." Am. Compl. at ¶ 89. They have not alleged facts indicating any more favorable treatment to others similarly situated. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a claim under Rule 12(b)(6). *Iqbal,* 556 U.S. at 678. A complaint does not suffice if it tenders only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). In another case involving Planned Parenthood, the Tenth Circuit held that Planned Parenthood was unlikely to prevail on its "class-of-one" equal protection claim because it failed to identify a single example of a similarly situated entity in its pleadings. *See Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1257 (10th Cir. 2016).

6

Even if Plaintiffs had identified any other entities or individuals who have been treated better than they were, they would also have to allege that these same entities engaged in violations of medical and ethical standards, and had yet been treated differently by OIG. Such a high showing of similarity is justified because "unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1210 (10th Cir. 2004). Thus, even if a class-of-one equal-protection claim were cognizable as a matter of law for the Plaintiffs, their claim would still fail because they have not pleaded anything above a mere conclusory statement without any factual allegations of better treatment for similarly situated individuals.

## II. Plaintiffs Cannot Assert a Medicaid Act Claim Under § 1983 to Have a Particular Provider Remain "Qualified."

### A. The Provider Plaintiffs Have No Private Right of Action Under Section 1396a(a)(23).

To determine whether a federal statute provides a right of action enforceable under § 1983, the Fifth Circuit considers "(1) whether Congress intended for the provision to benefit the plaintiff; (2) whether the plaintiff can show that the right in question is not so 'vague and amorphous' that its enforcement would 'strain judicial competence'; and (3) whether the statute unambiguously imposes a binding obligation on the states." *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 837 F.3d 477, 490 (5th Cir. 2016) (quoting *S.D. ex rel. Dickson v. Hood*, 391 F.3d 581, 602 (5th Cir. 2004)). While the panel opinion in *Gee* concluded that the individual plaintiffs had an implied right of action under § 1396a(23), it did not determine whether the provider plaintiffs

7

did. 837 F.3d 477, 489 (5th Cir. 2016). In coming to its conclusion that the individual plaintiffs had a private right of action, the *Gee* panel discussed other precedent that persistently described the right as an individual one possessed by Medicaid patients themselves. For example, *Gee* states that

> the statutory language unambiguously confers an individual right upon Medicaid-eligible patients, mandating that all state Medicaid plans provide that *any individual* eligible for medical assistance ... may obtain such assistance from any institution, agency, community pharmacy, or person, qualified to perform the service or services required. Under the statute, Medicaid recipients have the right to choose any provider so long as (1) the provider is qualified to perform service or services required, and (2) the provider undertakes to provide [the recipient] such services.

*Id.* at 490 (emphasis in original) (internal quotation marks and citations omitted).

Quoting the Seventh Circuit, *Gee* further stated, "[T]he free-choice-of-provider statute explicitly refers to a specific class of people—*Medicaid-eligible patients*—and confers to them an *individual* entitlement—the right to receive reimbursable medical services from any qualified provider." *Id.* at 491 (quoting *Planned Parenthood of Ind., Inc. v. Comm'r of the Ind. State Dep't of Health*, 699 F.3d 962, 974 (7th Cir. 2012)) (emphasis added).

Thus, *Gee* interpreted §1396a(23) as providing a private right of action because individual Medicaid patients are those that "Congress intended for the provision to benefit." *Hood*, 391 F.3d at 602. Based on *Gee*'s analysis of the provision, however, there is nothing to indicate that the providers themselves are the intended beneficiaries of the free-choice-of-provider provision. In fact, Supreme Court

precedent supports the opposite conclusion, based on its analysis of another Medicaid provision:

> The notion that respondents have a right to sue derives, perhaps, from the fact that they are beneficiaries of the federal-state Medicaid agreement . . . . We doubt, to begin with, that providers are intended beneficiaries (as opposed to mere incidental beneficiaries) of the Medicaid agreement, which was concluded for the benefit of the infirm whom the providers were to serve, rather than for the benefit of the providers themselves. More fundamentally, however, the modern jurisprudence permitting intended beneficiaries to sue does not generally apply to contracts between a private party and the government—much less to contracts between two governments. Our precedents establish that a private right of action under federal law is not created by mere implication, but must be "unambiguously conferred." Nothing in the Medicaid Act suggest that Congress meant to change that for the commitments made under § [1396a(a)(30)].

*See id.* at 1387-88 (citations omitted). The Provider Plaintiffs are clearly not the intended beneficiaries of the provision and therefore have no cause of action under § 1396a(23). Their claim should therefore be dismissed.

C. <u>The State Does Not Concede That There Is a Private Right of Action Under Section 1396a(a)(23).</u>

While the panel opinion in *Gee* concluded that the individual plaintiffs had an implied right of action under § 1396a(23) (without deciding whether the provider plaintiffs did), the State does not concede this, as that decision, and its reasoning, is still under review. A response to the petition for rehearing en banc was requested by the court and was filed Oct. 11, 2016. The Fifth Circuit is still considering whether to grant en banc review of the panel opinion. There is a reasonably likelihood that the Fifth Circuit will grant rehearing to resolve an intracircuit conflict, given that in another case in the Fifth Circuit involving the Medicaid program, the court held that

9

that the Medicaid Act's Equal Access provision, §1396a(a)(30), *did not* confer individual private rights that are enforceable under § 1983. *See Equal Access for El Paso,* 509 F.3d 697, 703 (5th Cir. 2007).

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' Motion to Dismiss and award all other relief to which Defendants are entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
AMANDA J. COCHRAN-MCCALL
Texas Bar No. 24069526
ADAM A. BIGGS
Texas Bar No. 24077727
Assistant Attorneys General

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

## CERTIFICATE OF SERVICE

I certify that on January 31, 2017, this document was served through the Court's CM/ECF Document Filing System or through e-mail, upon the following counsel of record:

Thomas H. Watkins
Husch Blackwell LLP
111 Congress Ave., Suite 1400
Austin, TX  78701
(512) 472-5456
(512) 479-1101 (fax)

Jennifer Sandman
Mai Ratakonda
Planned Parenthood Federation of America
434 W. 33rd Street
New York, NY  10001
212-261-4584
212-247-6811 (fax)

Richard Muniz
Alice Clapman
Planned Parenthood Federation of America
1110 Vermont Ave., NW, Suite 300
Washington, DC  20005
202-973-4997
202-296-3480 (fax)

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General